[No. C074824. Third Dist. Mar. 30, 2016.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT ALAN JONES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

*Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, George M. Hendrickson and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Appellant.

Harry Zimmerman, under appointment by the Court of Appeal, for Defendant and Appellant.

OPINION

**NICHOLSON, J.**—Both defendant Robert Alan Jones and the Attorney General appeal after a jury convicted defendant of residential burglary, receiving stolen property, and resisting a peace officer and the trial court sentenced him to an aggregate term of 25 years under the "Three Strikes" law. Defendant contends that trial counsel's representation violated his right to counsel because the attorney had a conflict of interest, and the Attorney General contends that remand is required because the trial court failed to provide written reasons in the court's minutes for dismissing a strike. We conclude that (1) even assuming a conflict of interest violated defendant's right to counsel, there was no resulting prejudice and (2) current law does not require the trial court to provide written reasons in the minutes for dismissing the strike.

## BACKGROUND

On the morning of December 4, 2011, Joan and Gary Marlow discovered that someone had entered their home in Yreka during the night and taken items, including Christmas presents, mobile phones, a carton of Virginia Slims cigarettes, a camera, a television, and Joan Marlow's purse. In the course of the investigation, Sergeant Raymond Boutin of the Yreka Police Department searched defendant and found him in possession of Virginia Slims cigarettes, even though defendant had denied he had cigarettes when Sergeant Boutin asked. A later search of the room where defendant lived in Yreka revealed many of the items taken from the Marlow residence, including mobile phones, cigarettes, the television, the items from the Christmas presents, and the packaging from the Christmas presents.

Police found defendant at a house in Yreka, and he refused to come out. A police dog was sent in, and eventually defendant was arrested.

The defense presented evidence that defendant was living elsewhere, not in Yreka, at the time of the burglary, and that he was not present during the burglary.

A jury convicted defendant of residential burglary (Pen. Code, § 459), receiving stolen property (Pen. Code, § 496, subd. (a)), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). The trial court found true the additional allegations that defendant had seven prior felony convictions (Pen. Code, § 667.5, subd. (b)) and two prior serious felony convictions (residential burglaries; Pen. Code, § 459) in 1994 and 1996.

At sentencing, the court dismissed one of the prior serious felony convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53

Cal.Rptr.2d 789, 917 P.2d 628]. Defendant was sentenced to 12 years (upper term doubled) for residential burglary (Pen. Code, § 459), adding an additional 13 years for prior convictions and prison terms (Pen. Code, §§ 667, subd. (a)(1), 667.5, subd. (b)) for an aggregate term of 25 years in state prison.

## DISCUSSION

### I

### *Conflict of Interest**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### *Reasons for Dismissing Prior Serious Felony*

At sentencing, the trial court decided to dismiss one of the two strikes alleged and proved by the prosecution. And the court gave its reasons for doing so on the record, but not in the written minutes. While the language of Penal Code section 1385 required the court to provide written reasons in the minutes when sentencing occurred in this case, the Legislature subsequently eliminated that requirement. The Attorney General argues that we should apply the old law; however, the current law is applicable.

After outlining the considerations in deciding whether to dismiss a strike, the trial court provided its reasoning as to this case and defendant. The explanation was specific and focused, and also long. It included defendant's age now and when he committed the serious felonies, homelessness, depression, drug use, loss of loved ones, family dysfunction, current offenses, impact on victims, dangerousness, lack of violence, lack of arming, criminal history, recidivism, and parole violations. With those considerations in mind, the court said: "The Defendant's criminal record . . . does not reflect the history or tendency towards overtly violent acts. And this aspect of the Defendant's record in this case, combined with the Court's consideration of all the other factors I have outlined a moment ago, persuades me that for the purposes of today's sentencing, the Defendant should be deemed, in part, to be outside the [spirit] of the three strikes sentencing scheme. That is insofar as one of his two prior strikes shall be stricken."

---

*See footnote, *ante*, page 92.

The court's minutes from the hearing reflect that the court found defendant to be partially outside the spirit and intent of the Three Strikes law, but the minutes did not give the details from the court's oral pronouncement.

The language of Penal Code section 1385 in effect at the time of the trial court's order required that the reasons for dismissal be stated on the record and set forth "in an order entered upon the minutes." (Pen. Code, former § 1385, subd. (a); amended by Stats. 2000, ch. 689, § 3, p. 4558.) The California Supreme Court interpreted that requirement as mandatory and held that failure to perform the mandatory function required reversal and remand "at least for the purpose of allowing the trial court to correct the defect by setting forth its reasons in a written order entered upon the minutes." (*People v. Bonnetta* (2009) 46 Cal.4th 143, 153 [92 Cal.Rptr.3d 370, 205 P.3d 279].)

The Attorney General contends the order must be reversed and the matter remanded because the trial court failed to enter its reasons for the order in the minutes as required by Penal Code former section 1385. However, Penal Code former section 1385 was amended effective January 1, 2015. (Stats. 2014, ch. 137, § 1.) That section now provides: "The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter." (Pen. Code, § 1385, subd. (a).)

■ "If the judgment is not yet final because it is on appeal, the appellate court has a duty to apply the law as it exists when the appellate court renders its decision. [Citations.]" (*Beckman v. Thompson* (1992) 4 Cal.App.4th 481, 489 [6 Cal.Rptr.2d 60].) Under the current version of the statute, remand is not required. The trial court stated the reasons for its order on the record, and no party requested that the reasons be entered in the minutes.

■ The Attorney General asserts that we should apply the law as it existed at the time of sentencing because no part of the Penal Code is retroactive unless so stated (Pen. Code, § 3), and the amendment to Penal Code former section 1385 was not expressly made retroactive. This assertion does not take into consideration that this case is not final. Thus, applying current, existing law to this case is not a retroactive application of law. Although the trial court was under a duty at the time of sentencing to provide written reasons in the minutes for the order dismissing a strike, the Attorney General is asking us to ignore that there is no such duty presently. In other words, if we were to remand, there would be no duty for the trial court to provide written reasons. The oral pronouncement, as was given in the trial court already, would be sufficient. Under these circumstances, we need not apply the law retroactively to conclude that remand is unnecessary because,

applied prospectively, the law obviates the need for written reasons in a minute order. ■ And we are constrained by the California Constitution to refuse to impose such fruitless remands. (Cal. Const., art. VI, § 13.)

In her opening brief, the Attorney General claims that the trial court abused its discretion by dismissing one of the strikes. However, the brief provides no analysis but instead complains that the failure to record the reasons in the court's minutes for dismissing the strike "frustrates review of this claim." To the contrary, the trial court provided a robust analysis of the reasons for dismissing the strike in the oral record. Considered in context, the Attorney General's contention in the opening brief is simply that we must remand for the court to provide written reasons in the minutes.

## DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Murray, J., concurred.

A petition for a rehearing was denied April 26, 2016, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 13, 2016, S234438.